# EXHIBIT 1

# IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| Jo Anna Hopkins | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: |
| | ) | |
| CSAA Fire and Casualty Insurance Company, d/b/a | ) | |
| AAA Fire and Casualty Insurance Company, | ) | |
| Defendant. | ) | |
| | **PETITION** | |

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

SEP - 9 2019

RICK WARREN
COURT CLERK
34_____

# CJ-2019-5016

Plaintiff for Petition against Defendant states:

1.      Plaintiff was insured by Defendant's Policy HO5 003907764 when her roof was damaged by wind, hail, and rain, causing exterior and interior damage.

2       Defendant sent Hancock Claims Service to inspect. Hancock later confirmed with Plaintiff's roofer that the roof was a total loss.

3.      Instead of paying the claim, Defendant hired an out-of-state "Adjusting Service" to evaluate the claim.

4.      The out-of-state service found covered damage to the roof flashing, and pipe jacks, vent turbines and other vents, guttering and downspouts, air conditioning fins, and window screens. This could only by hail damage, but Defendant's estimate does not reference "hail damage" to these components. Remarkably, given the extensive damage, which could only be hail damage, to all the metal components, Defendant apparently found no hail damage to the roofing shingles. This "service" also found interior damage to the living room and hallway, but apparently none to the kitchen and garage (which are the most heavily damaged).

5.      Defendant valued the claim at just under Plaintiff's deductible so that it owed nothing.

6.      Plaintiff contacted a reputable Oklahoma roofing company which also found storm damage, including hail damage to the same metal components: The flashing, guttering and

downspouts, vent turbines, air conditioning fins, and window screens. The roofing company, not surprisingly considering the extent of hail damage found by all to the roof's metal components, also found significant hail damage to the roofing shingles. The roofer also found the obvious damage in the garage and kitchen missed by Defendant's adjuster.

7.      Defendant later sent a curious letter to Plaintiff citing "*Hail* and water *damage to interior* due to insufficient weather proofing on roof flashings and *ridge caps*" (emphasis added). Thus, Defendant did find hail damage (inside the house, whatever that means). Instead of paying the claim at this point, though, Defendant threatened to cancel the policy if Plaintiff did not pay out-of-pocket to repair the damage that Defendant had found and refused to pay.

8.      Defendant does not contest hail damage to the roof, including to the ridge cap shingles, couching the hail damage in the nonsensical—"Hail . . . damage to interior due to insufficient weather proofing." This is an obvious and bad faith effort to avoid coverage by attributing the damage to something other than the hail itself. Even if the shingles were not hail damaged, though (which they are—there is hail damage across the roof), Oklahoma law (Chapter 9, IRC—OAC 748:20-5-11.1) requires that the entire roof be replaced under the circumstances since the gapped underlayment does not meet the current code requirement of "solidly sheathed decking." OID Bulletin No. PC 2016-02. Under the law, the roof cannot simply be repaired as suggested by Defendant's unreasonable evaluation. It must be replaced.

9.      Plaintiff's policy contains code upgrade coverage.

10.     Plaintiff is an 85-year-old widow who is experiencing extreme emotional distress as a result of Defendant's breach of the duty of good faith and fair dealing. She is experiencing anxiety as well as loss of sleep due to worry about getting a new roof on the home before the

Oklahoma winter sets in. Should she be forced to mortgage her home, or otherwise incur debt to pay for the damage Defendant refuses to pay, this will add financial distress and in an increase in her emotional distress caused by her having to mortgage her home or incur other debt in order to pay to repair the damage Defendant must pay under the insurance policy.

WHEREFORE, Plaintiff prays judgment for $17,907.89 on the contract claim, plus, on the tort claim, an amount in excess of that for federal diversity jurisdiction, and, per 36 O.S. 3629, interest at 15% starting on May 7, 2019, her attorney's fee, costs, and other appropriate relief.

PAUL KOURI, OBA# 20751
11221 E I 240 Service Rd
Oklahoma City, OK 73150
Telephone: (405) 347-7140
Facsimile: (800) 590-1966
paul@paulkourilaw.com
Attorney for Plaintiff

**ATTORNEY LIEN CLAIMED**